The opinion of the court was delivered by
Ford, J.
1. As to the 7th and 8th pleas, we clearly think they are bad, and must be overruled; because the opinion of counsel was merely, advisory, and was not to conclude any matter, for the plaintiffs are afterwards to guarantee the title.
2. As to the 9th plea, we are of opinion that it is available and substantial, and that the replication is vicious. It appears to us, that, in order to ground an action upon that article, the counsel ought to have determined what right Jacob and Jabez had in the premises.
*3. The IOth and ll'th pleas are good, and the demurrers must be overruled. The defendant agreed to purchase the quantity of land that the plaintiffs had at the time the articles of agreement were entered into. The cases read by the plaintiff’s counsel upon this point are not analogous.
*343 Scudder then moved for leave to withdraw the demurrer to the 10th and l'lth pleas, and to plead.
Kirkpatrick, O. J.
The withdrawing a demurrer is only permitted to save the expense of bringing a new suit. The court ought always to inquire whether the plaintiff can plead successfully or not, before they will allow him to withdraw liis demurrer and plead. As we are of opinion that you could nqt plead successfully to these pleas, your motion must be denied.
During the term, a' writ of error was presented in this case, and allowed.
• Court of Errors. — Upon the return of the writ of error, the following errors were assigned:
1st Error. Afterwards, that is to say, on the first Tuesday of November, in the year of our Lord one thousand eight hundred and twenty-one, before the governor and council in the Court of Appeals, in the term of November, in the year aforesaid, come the said Jacob and Jabez, by Smith Scudder, their attorney, and say, that in the record and proceedings aforesaid, and also in the giving of judgment aforesaid, there is manifest error in this, to wit: that by the record aforesaid it appears that the judgment aforesaid, in form aforesaid’ given, was given for the said Matthias Denman against the said Jacob and Jabez, whereas, by the law of the land, the said judgment ought to have been given for the said Jacob and Jabez, against the said Matthias.
2d Error. There is also error in this, to wit: that by the record aforesaid it appears that the said Matthias, in and by his tenth plea before the said Supreme Court, by leave thereof pleaded, set forth and said that the said Jacob and Jabez ought not to have or maintain their action aforesaid against him, because, he said, that in and by the said supposed articles of agreement in the said declaration mentioned, *344 'bearing date the eighteenth day of October, eighteen hundred and nine, it was recited that the said Hezekiah, Jacob, and Jabez claimed an undivided *right and interest in and to the said two lots of land in the said declaration mentioned; and that the said Matthias had that day purchased of the said Hezekiah, Jacob, and Jabez all their right and interest, whatsoever the same might be, in the said lots of land-and premises; and'that it was uncertain how much or what part or proportion of the said premises the said Hezekiah, Jacob, and Jabez may have an absolute title in fee simple for, the said parties to those presents agreed to employ and pay a joint fee unto Isaac H. Williamson and William Ohetwood, Esquires, counsellors at law, to investigate the various titles said to be held by various persons to the said premises, and .that the said Isaac and William should determine what part, how much, or what proportion, share or shares the said Hezekiah, Jacob, and Jabez might have or own in the said premises, and that the determination, written opinion, and award of the said Isaac and William should-'be conclusive of the quantity, proportion, share or shares of the said premises, which the said Hezekiah, Jacob, and Jabez were to convey to the said Matthias Denman, his heirs, and assigns. And the said Matthias further says, that in and by the said supposed written opinion and award made by the said Isaac and William in the said declaration mentioned, it appears and is set forth in the deduction of title to the ten and a half acres lot, that oiie James Young conveyed to the said Hezekiah Broadwell, by deed dated the twenty-fifth day of January, in the year of our Lord eighteen hundred and ten, one-half of the-said ten and a half acres lot, to wit: at Newark aforesaid; and this the said Matthias saith he is ready to verify, wherefore he prays judgment if the said Jacob and Jabez demurred generally, and the said Matthias thereto joined in demurrer; and the said Supreme Court, upon that issue, gave judgment for the *345 said Matthias against tlie said Jacob and Jabez, whereas by law the said judgment ought to havo been given for the said Jacob and Jabez; therefore in that there is manifest error.
3d Error. There is also error in this, to wit: that by the eleventh plea of the said Matthias, by him pleaded before the said Supreme Court, by leave of the same court in the record and proceedings aforesaid, it appears that the said Matthias therein pleaded and said, that the said Jacob and Jabez their said action against him ought not to have or maintain, because, he said, that in and by the said supposed articles of agreement in the tenth *plea last aforesaid mentioned it was recited and agreed, as in the said tenth plea is mentioned. And the said Matthias further said, that in and by the said supposed written opinion and award in the tenth plea mentioned, it further appeared and was set forth in the deduction of title to the said two acres and eighty-seven hundredths of an acre that the title in and to one twenty-fourth part thereof was conveyed by one Stephen Fairchild to tho said Hozekiali, by deed bearing date the first day of November, in the year of our Lord eighteen hundred and nine, to wit, at Newark aforesaid, in tho county of Essex aforesaid, and this the said Matthias said lie was ready to verify ; wherefore he prayed judgment if the said Jacob and Jabez their aforesaid action thereof against him ought to have or maintain. To which plea of the said Matthias the said Jacob and Jabez demurred generally, and the said Matthias thereto joined in demurrer, and the said Supreme Court upon that issue gave judgment for the said Matthias against the said Jacob and Jabez, whereas by law the said judgment ought to have been given for the said Jacob and Jabez; therefore in that there is manifest error. There is also error, in this, to wit, that by the record and proceedings aforesaid, and the judgment aforesaid, it appears that the court considered that the replication of the plaintiffs to the ninth plea of the defendant was insufficient in law for the plaintiffs to have or maintain their said action against *346 him, and that the demurrer of the defendant to the said replication was allowed, and judgment given for the defendant thereon ; and for that the court further considered that the tenth and eleventh pleas of the defendant, and each of them were good and sufficient in law to bar the.action of the plaintiffs against the defendant; and that the demurrer of the plaintiffs to the tenth and eleventh pleas of the defendant were overruled, and judgment given on those pleas for the defendant; therefore, in that there is manifest error. And the said Jacob and Jabez pray that the judgment aforesaid, for the errors aforesaid, and other errors in the 'record and proceedings aforesaid, may be reversed, annulled, and altogether held for nothing, and that they may be restored to all things which they have lost by occasion of the said judgment, &c.
Smith Scudder,

Att’y for Plaintiffs in Error.

*At the special term of the Court of Errors in January, 1824, the writ of error was argued by Scudder, for plaintiffs in error, and Vanarsdale, for defendant.
Upon the question, whether the judgment of the Supreme Court should be reversed, five o'f the members of the Court of Errors voted for the reversal, and seven against. The governor was excused from voting.
The following entry was made in the minuses of the court, the court having inspected the record returned with the writ of error in this cause, and having heard the assignment of .errors and joinder therein, and the arguments of the counsel of the respective parties thereupon, and upon due deliberation had, do order and adjudge, that the judgment be, and the same is in all things affirmed, with costs.
Judgment affirmed.